# John F. Webb and Thomas L. Thurston, plaintiffs in error, *vs.* Philip Mauro, defendant in error.

## *Error to Desmoines.*

Where a witness has received letters purporting to be from A. B., and has answered one of them, but has received no reply, he cannot, with no other evidence of the hand writing of A. B., be a competent witness to prove his (A. B's.) signature to a power of attorney.

This was an action of assumpsit brought by Philip Mauro against John F. Webb, impleaded with Thomas L. Thurston.   At October term 1842, there was a verdict and judgment for plaintiff for $631,86,   The defendants below brought the case up for reversal.   Six errors were assigned, and argued, but as the court considered but one, we shall omit them.   The one considered is embraced in the opinion.

GRIMES & STARR, for plaintiffs in error.

D. RORER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first point made by the counsel for the plaintiffs in error in this case, is, that the court erred in admitting the power of attorney to be read without legal proof of its execution.   It appears from the bill of exceptions, that when the cause came on for trial on the plea of the general issue, the plaintiff below called a witness to prove the execution of a power of attorney, purporting to be signed by the defendants below, and constituting one Wm. H. Mauro their agent.   Said witness stated that he had never seen Thomas L. Thurston write; that he had received two letters on business purporting to come from said Thurston, and dated at Washington city, and to one of which he replied; that he had no reason to doubt but that they were genuine.   He was then asked by plaintiff's counsel, if he would not

42

judge the signature of Thurston to said power to be genuine, to which defendant's counsel objected, but the court overruled the objection and permitted the power of attorney to be read (the execution of said instrument by the other defendant, Webb, having been first proved.)

We think the court below erred in admiting the power of attorney in evidence upon the testimony set forth in the bill of exceptions; for although it is not necessary in all cases, for the witness to have seen a person write, in order to be a competent witness by whom to prove his signature, still we think the present case does not fall within the legal exception. The witness in the present instance had received two letters purporting to come from the defendant Thurston, to one of which he had replied. Had the correspondence been continued the probabilities of imposition would have been so far rebutted as to render him a competent witness to prove the fact in question, but if the receipt of two letters, and an answer by the witness before any reply has been made to said answer, is sufficient to enable the witness to swear to the signature it will be a very easy matter to manufacture testimony of that nature.

Judgment set aside and a new trial awarded.